IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tisheekia Shaw, | ) | C/A No. 3:10-2188-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ascension Hospice, Inc. and Glenn Gray, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

At a motions hearing on June 21, 2011, counsel for the defendants was granted leave to withdraw as the defendants' attorney. It appears that Defendant Ascension Hospice, Inc. is a corporation. While Defendant Gray as an individual may appear *pro se*, a non-attorney individual cannot represent a corporation in federal court and a corporation cannot appear *pro se* in federal court. In Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993), the United States Supreme Court recognized that

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

Id. at 201-02 (internal citations and footnote omitted). Although 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. Therefore, Defendant Ascension Hospice, Inc. must obtain legal counsel to proceed in this action.

PJG

Accordingly, it is hereby

**ORDERED** that Defendant Ascension Hospice, Inc. shall have until July 19, 2011 to retain counsel in this case. If Defendant Ascension Hospice, Inc. fails to retain licensed counsel who enters a notice of appearance by this date, then Defendant Ascension Hospice, Inc. may be subject to sanctions, including but not limited to entry of default. It is further

**ORDERED** that a status conference in this matter is scheduled for Tuesday, July 19, 2011 at 10:00 a.m.[1] The Clerk of Court is directed to serve a copy of this Order on Defendant Ascension Hospice, Inc. and Defendant Gray at the address provided in defense counsel's motion to withdraw.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 21, 2011
Columbia, South Carolina

---

[1] Although the court from the bench set the status conference for July 20, 2011, this has been changed due to a scheduling conflict.